FILED
SUPERIOR COURT
OF GUAM

2024 JAN -4 PM 2:43

CLERK OF COURT

BY:_____



## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| CHRISTOPHER A. TORRES,<br><br>          Plaintiff,<br><br>vs.<br><br>CHAMORRO EQUITIES, INC.,<br><br>          Defendant. | CIVIL CASE NO. CV0379-22<br><br><br>**DECISION AND ORDER**<br>*Re: Motion to Amend Pursuant to GRCP 15(a) to Add Defendants and Claims* |
| CHAMORRO EQUITIES, INC.,<br><br>          Counterclaim-<br>          Plaintiff,<br><br>vs.<br><br>CHRISTOPHER A. TORRES,<br><br>          Counterclaim-<br>          Defendant. | |
| STEVEN L. ULLOA and LISA A. ULLOA,<br><br>          Proposed<br>          Intervenors. | |

This matter came before the Honorable Arthur R. Barcinas on October 4, 2023, for a hearing on Plaintiff and Counterclaim-Defendant Christopher A. Torres's ("Plaintiff") Motion to

Amend Pursuant to GRCP 15(a) to Add Defendants and Claims. Present at the hearing were Attorney Joseph C. Razzano, for the Plaintiff; Attorney Bill R. Mann, for Defendant and Counterclaim-Plaintiff Chamorro Equities, Inc. ("CEI"); and Attorney Braddock J. Huesman, representing Proposed Intervenors Steven L. Ulloa and Lisa A. Ulloa (collectively, "the Ulloas").

## BACKGROUND

On July 6, 2022, Plaintiff filed the Complaint in this case. On August 4, 2022, Defendant filed its Answer and Counterclaim. On September 2, 2022, Plaintiff then filed a Third Party Complaint against Robert V. Ulloa, Gerald D. Hartwick, and Kenneth E. Thompson (collectively, the "CEI Officers"), as individual officers of CEI. On September 22, 2022, Defendant filed a Motion for Summary Judgment. On September 28, 2022, the CEI Officers moved to dismiss. On September 30, 2022, the Ulloas moved to Intervene and Stay Briefing. On October 7, 2022, Plaintiff requested a conference pursuant to Guam Rule of Civil Procedure ("GRCP") 26(f), which was held on October 17, 2022.

At the GRCP 26(f) conference, the parties discussed the pending motions, and Plaintiff agreed that the Motion to Dismiss cited relevant case law which confirmed the third party complaint filed against the CEI Officers should have instead been brought as a standard complaint. Plaintiff requested the parties to agree to allow Plaintiff to amend his complaint to add the CEI Officers. Opposing counsel refused.

On October 29, 2022, Plaintiff filed the instant Motion to amend the complaint pursuant to GRCP 15(a), to add the CEI Officers as well as the claims against them. On November 16, 2022, Defendant filed its opposition. On November 30, 2022, Plaintiff filed his reply.

## DISCUSSION

GRCP 15(a) states that:

> (a) A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders.

GRCP 15(a).

In evaluating whether an amendment should be granted, the Court must consider undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowing the amendment, or futility of amendment. *Arashi & Co., Inc. v. Nakashima Enterprises, Inc.*, 2005 Guam 21 ¶ 16. Courts grant leave to amend liberally and deny a request to amend only when an apparent reason for denying the amendment exists. *M Electric Corp. v. Phil-Gets (Guam) Int'l Trading Corp.*, 2016 Guam 35 ¶ 42 (citing *Foman v. Davis*, 317 U.S. 178, 182 (1962)).

In the Motion, Plaintiff argues that the Motion be granted because: (1) there is no undue delay because discovery has yet to commence; (2) there is no bad faith because Plaintiff informed counsel for the CEI Officers that he agreed the third-party complaint filed against the CEI Officers should have been filed in the original lawsuit, and subsequently did not seek to oppose the CEI Officers' motion to dismiss, but brought the instant Motion instead; (3) there is no undue prejudice because the case is still in its infancy and neither party has conducted any discovery, and the CEI Officers are on notice of the claims to be filed against them by Plaintiff, and; (4) the amendment would not be futile because Plaintiff has meritorious claims against the CEI Officers.

In the Opposition, CEI argues that the Motion be denied because Plaintiff's claims against CEI and the CEI Officers are allegedly futile. Regarding itself as an entity, CEI argues that the Court should rule on CEI's Motion for Summary Judgment before ruling on the instant Motion. CEI claims that, because "the claim against CEI in the Amended Complaint is identical to the claim against CEI in the original Complaint, if the Court decides to dismiss the original Complaint, then the Motion to Amend would necessarily need to be denied." Opp., at 2. The Court does not find this to demonstrate futility on Plaintiff's part, and, as Plaintiff notes, Plaintiffs Motion did not request leave to amend the Complaint to add claims against CEI itself, only against the CEI Officers. Reply, n.1.

Regarding the CEI Officers, CEI argues that Plaintiff alleged in the proposed Amended Complaint that only the CEI Board of Directors had the authority to refuse to register the stock that Plaintiff had purchased in his name, and to authorize the filing of the Counterclaim against Plaintiff and the third-party lawsuits against the Ulloas. According to CEI, Plaintiff alleges that the CEI Officers "usurped the power of the BOD and acted as CEI itself ...." Opp., at 6 (quoting Pl.'s proposed Amended Compl., ¶ 48). CEI claims that Plaintiff's proposed amendment against the CEI Officers is futile, because the Board of Directors addressed the allegations in the proposed amended complaint by passing resolutions declaring that the Board of Directors disagrees with those claims.

The Court finds no dispute regarding the lack of undue delay, bad faith, or undue prejudice in the Motion to Amend. As to the element of futility, the Court finds that the Motion is also not futile in the context of GRCP 15(a). A motion to amend is considered futile when the complaint as amended would be subject to dismissal. *Lujan v. Calvo Fisher & Jacob, LLP*, 2018 Guam 27 ¶ 13. When determining whether the proposed Amended Complaint should be denied as futile,

the Court must analyze the proposed amendment as if it were before the Court on a motion to dismiss. *Id.* Therefore, the Court must accept as true all well-pleaded factual allegations, and view them in the light most favorable to the pleading party. *Id.* Taking this into consideration, CEI fails to provide the Court with any legal basis as to why the Amended Complaint should be considered futile in the context of GRCP 15(a).

## CONCLUSION

Based on the foregoing, the Court **GRANTS** Plaintiff's Motion for Leave to Amend.

**IT IS SO ORDERED** _____JAN 0 4 2024_____.

**HONORABLE ARTHUR R. BARCINAS**
**Judge, Superior Court of Guam**